FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JAN 06 2012

Stephan Harris, Clerk
Cheyenne

Gregory C. Dyekman – Wyo. Bar No. 5-1858
DRAY, DYEKMAN, REED, HEALY, P.C.
204 East 22nd Street
Cheyenne, WY 82001-3729
307.634.8891 (Telephone)
307.634.8902 (Facsimile)
greg.dyekman@draylaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| KENNETH W. HEMPHILL, an individual, | |
| Plaintiff, | **COMPLAINT** |
| vs. | **(JURY DEMAND)** |
| HEMPHILL TRUCKING, INC., a Wyoming corporation, d/b/a HEMPHILL SPEEDY and HEMPHILL SPEEDY HEAVY HAULING SERVICES, and TFI HOLDING INC., a corporation incorporated under the laws of Canada, d/b/a TRANSFORCE INCOME FUND, HEMPHILL TRUCKING INC. HEALTH, WELFARE AND RETIREMENT BENEFIT PLAN, a plan sponsored and maintained by HEMPHILL TRUCKING, INC., and HEMPHILL TRUCKING INC. GROUP HEALTH PLAN, a plan sponsored and maintained by HEMPHILL TRUCKING, INC. | Case No. __**12CV008**__ |
| Defendants. | |

Plaintiff Kenneth W. Hemphill ("Plaintiff"), complains of Defendants Hemphill

Trucking, Inc., d/b/a Hemphill Speedy and Hemphill Speedy Heavy Hauling Services

1

("Defendant Hemphill Trucking"), TFI Holding Inc., a corporation incorporated under the laws of Canada, d/b/a Transforce Income Fund ("Defendant TFI"), Hemphill Trucking Inc. Health and Welfare Retirement Benefit Plan, a plan sponsored and maintained by Defendant Hemphill Trucking, and Hemphill Trucking Inc. Group Health Plan, a plan sponsored and maintained by Defendant Hemphill Trucking (sometimes referred to collectively as "Defendants"), as follows:

## PARTIES

1. Plaintiff resides and is domiciled in Maricopa County, State of Arizona.

2. Defendant Hemphill Trucking is a Wyoming corporation. *See* Exhibit "A", Copy of State of Wyoming Secretary of State Filing Information, attached hereto.

3. Upon information and belief, Defendant Hemphill Trucking has or continues to do business as "Hemphill Speedy Heavy Hauling Services". *Id.*

4. Upon information and belief, Defendant Hemphill Trucking has or continues to do business as "Hemphill Speedy". *Id.*

5. Defendant Hemphill Trucking's registered agent's address is located in Laramie County, State of Wyoming. *Id.*

6. Defendant Hemphill Trucking conducts business in the State of Wyoming.

7. Defendant Hemphill Trucking is registered as a foreign corporation in the State of Colorado, with a registered office located in the County of Denver, State of Colorado. *See* Exhibit "B", Copy of Colorado Secretary of State Summary concerning Defendant Hemphill, attached hereto.

2

8.      Defendant Hemphill Trucking has also registered as a foreign corporation in the State of Colorado, doing business as "Hemphill Speedy" and "Hemphill Speedy Heavy Hauling Services". *Id.*

9.      Upon information and belief, Defendant Hemphill's corporate offices in the United States of America are located in the City and County of Denver, State of Colorado.

10.     Defendant TFI is a corporation incorporated under the laws of Canada, with its address located in Saint-Laurent, Province of Quebec. *See* Exhibit "C", Copy of Registraire des enterprises, attached hereto. Upon information and belief, Defendant TFI does business as "Transforce Income Fund".

11.     The physical address identified in the Canada registrations as to Defendant TFI, and which are attached hereto as Exhibit "C", is the same physical address identified as the mailing address for Defendant Hemphill Trucking and its d/b/a s, as are referenced above. *See* Exhibits "A", "B", and "C".

12.     Upon information and belief, Defendant TFI is the sole shareholder of Defendant Hemphill Trucking.

13.     Hemphill Trucking Inc. Health, Welfare and Retirement Benefit Plan (hereafter referred to as the "Plan")[1]  is an "employee benefit plan" or "plan" within the meaning of 29 U.S.C. § 1002 (3), subject to the provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), which was established pursuant to that certain Share Purchase

---

[1] For purposes of clarification, Plaintiff refers to the name of the Plan as the "Hemphill Trucking Inc. Health, Welfare and Benefit Plan" or "Plan", which was established pursuant to the Agreement and which Defendant Hemphill Trucking funds through the Group Health Plan (defined below). However, the Plan is not identified, as such, in the Agreement referenced *infra*.

3

Agreement by and between Defendant TFI, Plaintiff, Kenneth Hemphill and Nona K. Hemphill, as Trustees of The Hemphill Credit Shelter Trust Established under the Walt Hemphill Revocable Trust u/a/d April 8, 1993, as amended, and Defendant Hemphill, dated March 15, 2006 (the "Trust") ("Agreement"), a true and correct copy of which is attached hereto as Exhibit "D". The Plan was established to benefit Plaintiff, a retiree and former employee of Defendant Hemphill Trucking, and his spouse, Ms. Nona Hemphill.

14.      Defendant Hemphill Trucking established, maintains, and sponsors a group health plan, which provides health, medical and prescription benefits to its employees and, upon information and belief, its retirees. This plan, referred to herein as the "Hemphill Trucking Inc. Group Health Plan" or "Group Health Plan", is an "employee benefit plan" or "plan" within the meaning of 29 U.S.C. § 1002 (3), subject to the provisions of ERISA.

15.      Defendant Hemphill Trucking is the "plan sponsor", as defined at 29 U.S.C. § 1002(16)(B) of ERISA, of the Group Health Plan and the Plan.

16.      Upon information and belief, Defendant Hemphill Trucking is the "administrator", as defined at 29 U.S.C. § 1002(16)(A), of the Plan.

17.      Upon information and belief, Defendant Hemphill Trucking has contracted with an insurance company(ies), or third-party administrator(s), to administer the benefits provided by and through the Group Health Plan.

18.      Since on and after Closing (defined below), Defendant Hemphill Trucking has funded the Plan through the Group Health Plan.

4

## JURISDICTION

19.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 29 U.S.C., § 1132(e).

20.     Venue is proper in the United States District Court for District of Wyoming pursuant to 28 U.S.C. § 1391(b) and (c), and 29 U.S.C. § 1132(e).

21.     Jurisdiction and venue are proper pursuant to the parties' consent to "determine all disputes and claims arising under or pursuant to [the] Agreement" in "the courts of the State of Wyoming". *See* Exhibit "D", Agreement, § 8.12.

## GENERAL ALLEGATIONS

22.     Prior to March 15, 2006, Plaintiff owned the majority of authorized and outstanding shares in and to Defendant Hemphill Trucking, with the remaining shares being owned by the Trust.

23.     Defendant Hemphill Trucking was established by the Plaintiff's father, *i.e.*, was a family owned and operated business engaged in moving oil rigs.

24.     Plaintiff owned, operated, and spent his entire career devoted to the continued growth and success of Defendant Hemphill Trucking. As a result of his long and continued physical labor servicing Defendant Hemphill Trucking, Plaintiff developed significant and chronic health problems that caused, and continue to cause, Plaintiff to suffer significant chronic pain and suffering.

5

25.     In 2005, Plaintiff in his capacity as an owner of the majority of authorized and outstanding shares in and to Defendant Hemphill Trucking, and in his capacity as a Trustee of the Trust that owned a small percentage of remaining shares in Defendant Hemphill Trucking, began negotiations for the sale of his and the Trust's shares to Defendant TFI.

26.     In or around August 2006, Plaintiff, the Trust and Defendant TFI entered into that certain Agreement of Intent, which was attached as Schedule 1.1 to the Agreement, a true and correct copy of which is attached hereto as Exhibit "E".

27.     The Agreement of Intent memorialized the Plaintiff's intention to sell all of his and the Trust's authorized and outstanding shares in and to Defendant Hemphill Trucking to Defendant TFI, and Defendant TFI's intent to purchase said shares.

28.     One of the material terms Plaintiff insisted upon and, which was included in the Agreement of Intent, was that Defendant TFI "agree[] that the medical and life insurance benefits currently being provided by the Corporation to [Plaintiff and his spouse, Nona Hemphill] shall continue up to and after the Closing Date until the [Plaintiff's] 65th birthday, being July 14, 2014. *Id.* at § 3.01.

29.     Plaintiff and his spouse, Nona Hemphill, insisted on the above-referenced terms because they knew that Plaintiff's medical condition was lifelong, and would only get worse. As such, maintenance of Plaintiff's health and medical prescription coverage was and remains critical to Plaintiff receiving the medical care, therapy and prescriptions he requires.

30.    Consistent with the foregoing, the Agreement contains the following terms:

**Additional Benefits** – The Purchaser [(Defendant TFI)] and [Defendant Hemphill Trucking] acknowledge and agree that at the Closing [Plaintiff] shall retire from [Defendant Hemphill Trucking].  **As part of the [Plaintiff's] retirement benefit, [Defendant Hemphill Trucking]** or its successor in interest whether by merger, consolidation, reorganization, asset acquisition, or otherwise, **shall continue to provide medical insurance coverage to [Plaintiff] and his spouse comparable to the present coverage provided to [Plaintiff] and his spouse**, provided that, if the monthly premiums for such coverage exceed $5,000, [Defendant Hemphill Trucking] shall so notify [Plaintiff] and [Plaintiff] shall pay the amount in excess of $5,000, and **[Defendant Hemphill Trucking] shall continue to pay** when due the **premiums on [Plaintiff's] life insurance policy** No. 45 307 417 issued by New York Life Insurance Company. **[Defendant TFI] and [Defendant Hemphill Trucking] hereby agree that said retirement benefits shall be and remain a continuing obligation of [Defendant Hemphill Trucking]** and its successor in interest whether by merger, asset acquisition, or otherwise, **through [Plaintiff's] 65th birthday, being July 2014**, and that if [Defendant Hemphill Trucking] or its successor discontinues medical insurance coverage to its employees prior to such date, [Defendant Hemphill Trucking] or its successor shall pay for a private health insurance policy for [Plaintiff] and his spouse with, or shall otherwise pay for, coverage comparable to the present coverage provided to [Plaintiff] and his spouse. [Plaintiff] shall be and remain liable for any taxation of any such retirement benefits.

*See* Exhibit "D", Agreement, § 2.03 (emphasis added).

31.    On March 15, 2006, the parties executed and closed on Defendant TFI's purchase of Plaintiff's and the Trust's shares in and to Defendant Hemphill Trucking, whereby Defendant TFI became the owner of Defendant Hemphill Trucking (hereafter, the "Closing").

32.    At and before the time of Closing, Defendant Hemphill Trucking provided its employees with fully insured health, medical and prescription coverage through the Group

Health Plan, insured and administered through Star Marketing and Administration, Inc. and Trustmark Life Insurance Company (hereinafter, "Starmark").

33.     Upon information and belief, Defendant Hemphill Trucking pays insurance premiums for participants who participate in the Group Health Plan.

34.     At and before the time of Closing, Plaintiff, as an employee and participant in the Group Health Plan, was receiving medical care and prescription coverage for his then and current chronic medical condition through the Group Health Plan. Plaintiff's therapy then included prescriptions for the following: Actiq (800 mcg), quantity of 180 for a 30 day period; Fetanyl patches (100 mcg/H PT72), quantity of 30 for a 30 day period; Fentanyl patches (50 mcg/HR), quantity of 15 for a 30 day period; and Methadone HCL (10mg tabs), quantity of 360 for a 30 day period. Under the Group Health Plan, Plaintiff's total out-of-pocket cost for these prescriptions was not more than $60.00, or $20.00 per prescription. Plaintiff's therapy then and continues to include other prescription costs/coverage(s).

35.     Subsequent to Closing and on or around December, 2007, Defendant Hemphill Trucking, as the employer sponsoring the Group Health Plan, began insuring and administering the Group Health Plan through an insurance contract with Great-West Life & Annuity Insurance Company (hereafter, "Great-West").

36.     When Defendant Hemphill Trucking transitioned to funding the Group Health Plan from Starmark to Great-West, Plaintiff remained on the same medical treatment regimen, which included the above-referenced prescriptions. After the transition to Great-West, Plaintiff

8

continued to receive "medial insurance coverage … comparable to the coverage provided to [Plaintiff] and his spouse [on and before Closing]." *See* Paragraph 30, *supra*.

37.     On or around December 2009, Defendant Hemphill Trucking again decided to change funding of the Group Health Plan with a different insurer, and began insuring and administering the Group Health Plan though an insurance contract with BlueCross BlueShield of Wyoming (hereafter, "BlueCross").

38.     When Defendant Hemphill Trucking transitioned to insuring and administering Group Health Plan from Great-West to BlueCross, Plaintiff remained on the same medical treatment regimen that he was on before, on and after Closing, *i.e.*, the medical treatment regimen that includes the above-referenced prescriptions.

39.     BlueCross initially denied prescription coverage for Actiq prescribed by Plaintiff's then physician Paul D. Dlugie, MD.

40.     As a result of efforts made by Plaintiff and Dr. Dlugie, BlueCross reversed its initial denial and provided prescription coverage for the Actiq, which restored Plaintiff to "medial insurance coverage to … comparable to the coverage provided to [Plaintiff] and his spouse [on and before Closing]." *See* Paragraph 30, *supra*.

41.     As a result of the initial denial under the Group Health Plan, then insured and administered through BlueCross, Plaintiff incurred out-of-pocket expenses in excess of $16,000. Those expenses have not been reimbursed to Plaintiff by Defendant Hemphill Trucking or the Group Health Plan.

9

42.    On or around August 1, 2011, Defendant Hemphill Trucking once again decided to insure and administer its Group Health Plan through a different insurance carrier – this time with Cigna Corporation ("Cigna").

43.    When Defendant Hemphill Trucking made the transition from BlueCross to Cigna, it failed initially to identify Plaintiff as participant, and his spouse, as his beneficiary, entitled to participate in coverages under the Plan Defendant Hemphill Trucking funded through the Group Health Plan.

44.    Plaintiff informed Defendant Hemphill Trucking of its failure to include him and his wife in the Group Health Plan. Defendant Hemphill Trucking thereafter took steps to include Plaintiff and his spouse in the Group Health Plan.

45.    The Group Health Plan has denied coverage for the above-referenced medications, which has caused Plaintiff to incur approximately $4,905.25 per month in out-of-pocket expenses (i.e., $3,800/month for Actiq, $804.50/month for Fentanyl patches, and $30.75/month for Methadone). As is explained below, the Group Health Plan, insured through Cigna, initially covered Plaintiff's costs for another medication, Flector patches, but has since denied coverage. As a result, Plaintiff's out-of-pocket costs, increased by $400.00/month, bringing Plaintiff's total out-of-pocket costs to $5,305.25 per month.

46.    Plaintiff, together with his physician, Dr. Julian Groves, MD, has attempted to reverse the denial of coverage under the Group Health Plan, which Cigna, as of the date hereof, has denied. As is explained below, because Plaintiff has not been provided with any plan document(s), which may or may not explain an appeal process, Plaintiff is not bound to adhere to

any such process. and Defendants are estopped from asserting that any such process applies. In any event. Plaintiff has attempted to appeal the denial of the coverages to which he is entitled.

47.     Plaintiff has informed Defendant Hemphill Trucking. in writing of the denials of coverage under the Group Health Plan, and Defendant Hemphill Trucking's contractual obligation under the Agreement to provide "medial insurance coverage ... comparable to the coverage provided to [Plaintiff] and his spouse [on and before Closing]." *See* Paragraph 30. *supra.* To date, neither the Group Health Plan. Plan, nor Defendant Hemphill Trucking have provided Plaintiff with the benefits to which he is entitled. In addition, from and after Closing. Plaintiff has not been provided with any plan document(s) for the Group Health Plan or any other health and welfare plan that explains what medical/prescriptions are, or are not, covered, or any other term describing plan terms.

48.     On or about September 2, 2011, by and through counsel. Plaintiff, orally and in writing, requested a copy of the summary plan description for the Group Health Plan or other health and welfare benefit plan through which Defendants have provided Plan benefits to Plaintiff (and his spouse) since Closing. To date, Defendants have failed to provide Plaintiff (or his spouse) with a summary plan description or other health and welfare benefit plan document(s).

49.     Ever since the establishment of the Plan, by and through Section 2.03 of the Agreement, Defendant Hemphill Trucking, has failed to provide Plaintiff or his wife. Ms. Nona Hemphill, with a summary plan description of the Group Health Plan or Plan, as is required pursuant to 29 U.S.C. §§ 1021 through 1031.

11

50.     Recently, the Group Health Plan (insured through Cigna) denied coverage of Flector. Flector is another prescription that is prescribed for Plaintiff by his physician Dr. Groves. The Group Health Plan has covered this prescription through all of the insurance companies identified above, including Cigna. (Curiously, the Group Health Plan covered this prescription in September 2011 and October 2011, at a $40 per month co-payment, but has denied coverage since November 2011.) As a result, Plaintiff has, and will continue to incur a monthly expense for this prescription in the amount of approximately $400.00.

51.     Despite Plaintiff's reasonable and prompt appeals of coverage, and keeping Defendant Hemphill Trucking informed about denials of the same through the Group Health Plan, Defendants have not provided coverage to Plaintiff in accordance with Section 2.03 of the Agreement (*see* Paragraph 30, *supra*).

52.     In addition to Defendant Hemphill Trucking's failure to provide comparable health, medical and prescription coverage in accordance with Section 2.03 of the Agreement (*i.e.*, the Plan it established pursuant to the Agreement and which it has funded through the Group Health Plan), Defendant Hemphill has failed to continue to pay premiums to New York Life Insurance Company, as is required under Section 2.03 of the Agreement. Curiously, Defendant Hemphill Trucking paid life insurance premiums since Closing, but missed the August 2011 payment, paid the September 2011 payment, and has missed all subsequent payments.

53.     Upon Closing, Defendant TFI and Defendant Hemphill Trucking became part of the same "controlled group" or "affiliated service group", as those terms are described in Section

12

414(m) and (o) of the Internal Revenue Code of 1986, as amended (hereinafter, the "Code"), and Section 210 (c) and (d) of ERISA, 29 U.S.C. § 1060.

54.     In accordance with Section 414(m) and (o) of the Code and Section 210(c) and (d) of ERISA, 29 U.S.C. § 1060, Defendant TFI and Defendant Hemphill Trucking are deemed to the same employer/entity that sponsors and maintains the Group Health Plan and the Plan. Accordingly, Defendant TFI and Defendant Hemphill Trucking are jointly and severally liable for payment of all benefits due and owing to Plaintiff and his spouse, together with any and all other damages to which Plaintiff may be entitled.

55.     In addition to joint and several liability imposed as a matter of law under the Code and ERISA (see above), Defendant TFI and Defendant Hemphill are jointly and severally liable for the benefits described and promised under the Plan established pursuant to Section 2.03 of the Agreement.  As a party to the Agreement, Defendant TFI became obligated to provide the retirement benefits to Plaintiff, as are described in Section 2.03 of the Agreement.

56.     Except as set forth above, since Closing (*i.e.*, March 15, 2006) and up and through August 1, 2011, Defendant Hemphill Trucking provided Plaintiff with the Plan benefits, as were described and established pursuant to Section 2.03 of the Agreement.

57.     Defendant Hemphill Trucking provided (or funded) Plan benefits by and through its Group Health Plan—an ERISA plan covering one or more of Defendant Hemphill Trucking's employees, and at least one former employee, the Plaintiff.

13

58.     Defendant Hemphill Trucking, in its sole discretion, determined the method and manner for providing (or funding) the Plan benefits, as were described and established pursuant to Section 2.03 of the Agreement.

### FIRST CAUSE OF ACTION
### 29 U.S.C. § 1132(a)(1)(A)/ERISA Section 502(a)(1)(A)
### Failure to Disclose Group Health Plan Information

59.     Plaintiff incorporates by reference all preceding allegations as if fully set forth herein.

60.     Upon information and belief, Plaintiff is eligible to participate in the Group Health Plan and is, in fact, currently enrolled in the Group Health Plan.

61.     Defendant Hemphill Trucking, as fiduciaries and sponsors of the Group Health Plan, were and are still required, pursuant to 29 U.S.C. §§ 1021 through 1031, to provide Group Health Plan information, including plan documents, to Plaintiff.

62.     Pursuant to Section 29 U.S.C. § 1024(b), a summary plan description, explaining eligibility and the claims review procedure under the Group Health Plan, should have been provided to Plaintiff within 90 days of his becoming a "participant", as defined at 29 U.S.C., § 1001(7), and within 30 days of Plaintiff's written request for the same.

63.     Defendant Hemphill Trucking has failed to provide the Plaintiff with Group Health Plan documents.

64.     The refusal to provide Plaintiff with Group Health Plan documents has harmed Plaintiff because had Plaintiff received such information in a timely manner, Plaintiff would have been informed about coverage, eligibility, and the Group Health Plan's claims review

procedures.   While Plaintiff and his physician have complied with the appeal process described by Cigna concerning the denials of prescription of drug coverage under the Group Health Plan (currently insured by Cigna), Plaintiff, upon information and belief, has been harmed because he was not informed of the coverage described in the Group Health Plan document nor the claims review process described therein, and as such has been prejudiced in the presentment and making of his appeals.

65.   Defendant Hemphill Trucking and Defendant TFI are liable to Plaintiff for any and all applicable statutory penalties, including, but not limited to the statutory penalty of $110 per day provided for in 29 U.S.C. § 1132(c), for failure to disclose to Plaintiff the plan information regarding the Group Health Plan required by 29 U.S.C. §§ 1021 through 1031.

## SECOND CAUSE OF ACTION
### 29 U.S.C. § 1132(a)(1)(B)/ERISA Section 502(a)(1)(B)
### Failure to Provide Plan Benefits

66.   Plaintiff incorporates by reference all preceding allegations as if fully set forth herein.

67.   Pursuant to Section 2.03 of the Agreement, Defendant Hemphill Trucking established the Plan, funded by and through the Group Health Plan, which provides Plaintiff (and his spouse) with vested welfare benefits (health, medical, prescription and life insurance benefits).

68.   Defendant Hemphill Trucking and Defendant TFI, on a joint and several liability basis, are liable to Plaintiff for the Plan benefits he and his spouse are entitled, and that were established and described pursuant Section 2.03 of the Agreement.

15

69.     Specifically, Defendant Hemphill Trucking and Defendant TFI are liable to provide "[Plaintiff with his] retirement benefit[s], ... [which includes provid[ing] medical insurance coverage to [Plaintiff] and his spouse comparable to the ... coverage provided to [Plaintiff] and his spouse [at Closing], ... [and] the premiums on [Plaintiff's] life insurance policy No. 45 307 417 issued by New York Life Insurance Company ... through [Plaintiff's] 65[th] birthday, being July 2014." *See* Paragraph 30, *supra*.

70.     Defendant Hemphill Trucking, in its sole discretion, has determined to provide (or fund) Plan benefits by and through its Group Health Plan. Defendant Hemphill Trucking has determined to fund its Group Health Plan through an insurance contract with Cigna.

71.     The determination by the current insurer of the Group Health Plan to deny coverage of the Plan benefits described in the Plan, *i.e.*, deny to Plaintiff with "medical insurance coverage ... comparable to the ... coverage provided to [him] and his spouse [at Closing]" does not relieve the Plan, and, therefore Defendant Hemphill Trucking, to provide Plaintiff with Plan benefits.

72.     As a result of Defendant Hemphill Trucking's failure to follow Plan terms and provide Plaintiff with Plan benefits, Defendant Hemphill Trucking and Defendant TFI, on a joint and several liability basis, are liable to Plaintiff for all costs and expenses he has incurred and will continue to incur for health, medical and prescription coverage which were covered before and at Closing, but which have not been covered on and after closing on a comparable basis. This liability continues until Plaintiff's 65th birthday in July 2014.

16

### THIRD CAUSE OF ACTION
### 29 U.S.C. § 1132(A)(2)/ERISA Section 502(a)(2)
### Breach of Fiduciary Duties

73.     Plaintiff incorporates by reference all preceding allegations as if fully set forth herein.

74.     Defendant Hemphill Trucking and/or Defendant TFI have a duty to act for the exclusive benefit of Plaintiff (and his spouse), 29 U.S.C. § 1104, and to refrain from using plan assets for their own benefit, 29 U.S.C. § 1106.

75.     Defendant Hemphill Trucking and/or Defendant TFI breached their fiduciary duties by their failure to follow Plan terms which require them to provide Plaintiff with "medical insurance coverage [for] [him] and his spouse comparable to the ... coverage provided to [him] and his spouse [at Closing]" ...  to continue to pay when due the premiums on [Plaintiff's] life insurance policy No. 45 307 417 issued by New York Life Insurance Company." *See* Paragraph 30. *supra.*

76.     Said Defendants' failure to provide Plaintiff benefits to which he and his spouse are entitled to under the Plan (which Defendant Hemphill Trucking has chosen to fund through the Group Health Plan), constitutes diverting funds otherwise due and payable to Plaintiff for Defendants' own use, and to the detriment of Plaintiff and his spouse.   The inuring of this benefit to said Defendants runs contrary to their duty to act in Plaintiff's best interest, and constitutes a breach of the exclusive benefit rule articulated above, 29 U.S.C. § 1104, as well as a prohibited transaction, as described in 29 U.S.C. § 1106.

17

77.     Pursuant to 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1109(a), Plaintiffs are entitled to immediate injunctive relief requiring Defendant Hemphill Trucking and/or Defendant TFI to provide plan documents, follow Plan terms and, pursuant thereto, provide all benefits due and owing to Plaintiff on a retroactive and going forward basis, and to reimburse Plaintiff for his-out-of-pocket costs he has incurred as a result of Defendant Hemphill Trucking's and Defendant TFI's wrongful conduct.

78.     Plaintiff will suffer irreparable harm if the injunctive relief does not issue because Plaintiff will be unable to secure an individual health insurance policy, or an individual health insurance policy that will provide coverage for his pre-existing health condition which was present at the time of Closing.

79.     Such injunctive relief is not adverse to public interests or public policy and will serve the public interest and public policy of enforcement of plan terms that provide Plaintiff with the retirement benefits his former employer promised by and through the Agreement.

80.     There is substantial likelihood that Plaintiff will succeed on his claim(s).

81.     Plaintiff has no adequate remedy at law due to the nature of the harm.

## FOURTH CAUSE OF ACTION
### Breach of Contract

82.     Plaintiff incorporates by reference all preceding allegations as if set forth fully herein.

83.     Plaintiff, Defendant Hemphill Trucking, Defendant TFI and the Trust entered into the Agreement on March 15, 2006.

84.     The Agreement requires Defendant Hemphill Trucking and Defendant TFI to provide Plaintiff and his spouse with retiree health and life insurance benefits from and after Closing through Plaintiff's 65th birthday. *See* Paragraph 30, *supra*.

85.     Plaintiff has fully performed his obligations under the Agreement, as performance became due.

86.     After over five and one half (5 1/2) years of substantially providing the benefits due and owing Plaintiff under Section 2.03 of the Agreement, Defendant Hemphill Trucking and Defendant TFI have failed to continue to provide such benefits and thereby have failed to render their promised performance under the Agreement.

87.     Based on the foregoing, Plaintiff is entitled to recover damages in an amount to be proven at trial, together with costs and attorney fees as allowed by the Agreement.

## FIFTH CAUSE OF ACTION
### Breach of the Implied Covenant of Good Faith and Fair Dealing

88.     Plaintiff incorporates by reference all preceding allegations as if set forth fully herein.

89.     Defendant Hemphill Trucking and Defendant TFI entered into the Agreement, a material term of which, included the requirement that Defendant Hemphill Trucking provide Plaintiff with health and life insurance retiree benefits on and after Closing and until Plaintiff's 65th birthday, in accordance with Section 2.03 of the Agreement.

90.     After over five and one half (5 1/2) years of substantially providing the benefits due and owing Plaintiff under Section 2.03 of the Agreement, Defendant Hemphill Trucking and

Defendant TFI have failed to continue to provide such benefits and thereby have failed to render their promised performance under the Agreement.

91.     Defendant Hemphill Trucking and Defendant TFI have interfered with the Plaintiff's ability to receive the promised fruits of the Agreement, and have interfered with the justified expectations of the Plaintiff.

92.     As a result of this breach of the implied covenant of good faith and fair dealing, the Plaintiff has been injured in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION
**Promissory Estoppel**

93.     Plaintiff incorporates by reference all preceding allegations as if fully set forth herein.

94.     Defendant Hemphill Trucking and Defendant TFI made a clear and definite promise to provide retiree health and life insurance benefits to Plaintiff, which said Defendants, should have reasonably expected to induce Plaintiff to rely on said promise.

95.     Plaintiff reasonably acted upon Defendant Hemphill Trucking's and Defendant TFI's promise to provide retiree health and life insurance benefits and as a result of Defendants failure to provide such benefits, is now without these benefits.

96.     Injustice can only be avoided if Defendant Hemphill Trucking and Defendant TFI are required to honor said promise.

## SEVENTH CAUSE OF ACTION
**Unjust Enrichment**

97.     Plaintiff incorporates by reference all preceding allegations as if fully set forth herein.

98.     Plaintiff sold his shares in and to Defendant Hemphill Trucking to Defendant TFI in reliance upon said Defendants' promise to provide health, prescription and life retiree benefits to him and his spouse until his 65th birthday.

99.     Defendant Hemphill Trucking and Defendant TFI received the Plaintiff's shares in the company and are aware of Plaintiff's expectation to receive health, prescription and life insurance benefits comparable to those he received on and before Closing.

100.    By reason of Defendant Hemphill Trucking's and Defendant TFI's failure to perform its obligations under Section 2.03 of the Agreement, said Defendants have been unjustly enriched in an amount not less than the sum of moneys paid by Plaintiff out-of-pocket to receive the comparable health, prescription and life insurance retirement benefits to which he is entitled under Section 2.03 of the Agreement.

101.    Based on the foregoing, Plaintiff is entitled to damages in an amount to be proven at trial, together with post-judgment interest at the maximum rate allowed by law.

## EIGHTH CAUSE OF ACTION
**Attorney Fees**

102.    Plaintiff incorporates by reference all preceding allegations as if set forth fully herein.

103.    Plaintiff claims all attorney fees and costs as allowed by 29 U.S.C. § 1132(g)(1).

21

104.     Plaintiff claims all attorney fees and costs allowed by the Agreement. *See* Exhibit "D", Section 8.13 (providing for the same).

## JURY DEMAND

Plaintiff demands a trial by jury on all matters triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as to the following:

1.     On the FIRST CAUSE OF ACTION, a judgment holding Defendant Hemphill Trucking and Defendant TFI jointly and severally liable to Plaintiff for all statutory penalties provided for in 29 U.S.C. § 1132(c), together with pre-judgment and post-judgment interest on such amount, for said Defendants' failure to disclose to Plaintiff plan information as required by 29 U.S.C.§§ 1021-1031.

2.     On the SECOND CAUSE OF ACTION, a judgment holding Defendants, jointly and severally liable, for all costs and expenses, together with pre-judgment interest and post-judgment interest on such costs and expenses, Plaintiff has incurred and will continue to incur for health, medical, prescription and life insurance coverages, which were provided before and at Closing, but which have not been covered on and after Closing, on a comparable basis, as is required under Section 2.03 of the Agreement.

3.     On the THIRD CAUSE OF ACTION, a judgment or order enjoining Defendant Hemphill Trucking and Defendant TFI to (a) provide Group Health Plan documents, and the extent any exist outside of the Agreement, documents pertaining to the Plan, (b) follow plan terms and pursuant thereto, provide Plaintiff with all benefits due and owing to him on a

retroactive and on a going-forward basis, and/or (c) reimburse Plaintiff for his out-of-pocket costs he has incurred as a result of Defendant Hemphill Trucking's and Defendant TFI's wrongful conduct.

4.      On the FOURTH CAUSE OF ACTION, a judgment holding Defendant Hemphill Trucking and Defendant TFI jointly and severally liable for all damages, together with pre-judgment and post-judgment interest, to which Plaintiff is entitled for said Defendants' breach of the Agreement, the amount of which to be proven at trial.

5.      On the FIFTH CAUSE OF ACTION, a judgment holding Defendant Hemphill Trucking and Defendant TFI jointly and severally liable for all damages, together with pre-judgment and post-judgment interest, to which Plaintiff is entitled for said Defendants' breach of its implied covenant of good faith and fair dealing, the amount of which to be proven at trial.

6.      On the SIXTH CAUSE OF ACTION, a judgment holding Defendant Hemphill Trucking and Defendant TFI jointly and severally liable for all damages, together with pre-judgment and post-judgment interest, to which Plaintiff is entitled for its detrimental and reasonable reliance on said Defendants' promised performance, the amount of which to be proven at trial.

7.      On the SEVENTH CAUSE OF ACTION, a judgment holding Defendant Hemphill Trucking and Defendant TFI jointly and severally liable for all damages, together with pre-judgment and post-judgment interest, to which Plaintiff is entitled by reason of said Defendants' failure to perform its obligations under Section 2.03 if the Agreement, in the amount

Defendants have been unjustly enriched in an amount not less than the sum of moneys paid by Plaintiff out-of-pocket to receive comparable health, prescription and life retirement benefits.

8. On the EIGHTH CAUSE OF ACTION, a judgment holding Defendant Hemphill Trucking and Defendant TFI jointly and severally liable for all attorney fees and costs Plaintiff has incurred and will incur to enforce the provisions of the Agreement, and as is allowed by 29 U.S.C. § 1132(g)(1) and Section 8.13 of the Agreement.

9. For such other relief as the Court deems equitable and just.

DATED this day of 6th January 2012.

DRAY, DYEKMAN, REED, HEALY, PC

Gregory C. Dyekman – Wyo. Bar No. 5-1858
Dray, Dyekman, Reed & Healey, P.C.
204 East 22nd Street
Cheyenne WY 82001-3729
(307) 634-8891 – Telephone
(307) 634-8902 – Facsimile
greg.dyekman@draylaw.com

*Attorneys for Plaintiff*

24